J-A11005-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| G.V. HOMES, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEVE A. FREMPONG AND AGNES FREMPONG AND JOHN DOES 1 TO 3 | |
| APPEAL OF STEVE A. FREMPONG AND AGNES FREMPONG | No. 1577 EDA 2021 |

Appeal from the Order Entered June 28, 2021
In the Court of Common Pleas of Philadelphia County
Civil Division at No: 190800206

BEFORE:  BOWES, J., STABILE, J., and McLAUGHLIN, J.

JUDGMENT ORDER BY STABILE, J.:               **FILED JUNE 16, 2022**

In this action for ejectment ("Ejectment Action"), Appellants, Steve A. Frempong and Agnes Frempong, appeal from an order of the Court of Common Pleas of Philadelphia County dated June 28, 2021 denying their motion for preliminary injunction.  This is the second appeal taken by Appellants in the Ejectment Action.  The second appeal is before us for disposition; the first appeal is not.  We affirm in this second appeal because the issue that Appellants attempt to litigate was previously decided against them in their first appeal.

Appellant Steven Frempong was the owner of real property situated at 7500 N. 21st Street in Philadelphia ("the Property").  On January 29, 2015, the City of Philadelphia filed a Petition for Rule to Show Cause Why Property

Should Not Be Sold Free and Clear of All Liens and Encumbrances, seeking approval to sell the Property at a sheriff's sale to satisfy liens resulting from delinquent real estate taxes.

On March 9, 2016, the trial court authorized the sale of the Property to the highest bidder. On December 19, 2017, Appellee, G.V. Homes, Inc., acquired fee simple title to the Property through a real estate tax lien sale conducted by the Sheriff of Philadelphia County.

Appellants continued to occupy the Property. Consequently, on August 5, 2019, Appellee filed the Ejectment Action against Appellants in the Court of Common Pleas of Philadelphia County at August Term, 2019, No. 206. On March 18, 2021, following a bench trial, the trial court entered a decision in favor of Appellee and against Appellants and awarding possession of the Property to Appellee. Appellants filed post-trial motions, which the court denied.

On April 20, 2021, Appellants appealed to this Court at 1236 EDA 2021 ("Appeal I").[1] On June 25, 2021, Appellants filed an emergency motion for stay of eviction in this Court in Appeal I. On July 8, 2021, this Court denied Appellant's emergency motion for stay.

Meanwhile, in the trial court, on April 20, 2021, Appellants filed a "motion for preliminary injunction." On June 28, 2021, the trial court entered

---

[1] It appears from the docket that Appellants have never perfected their appeal in Appeal I, because judgment was not entered following the order denying post-trial motions. Nevertheless, we will not take any action in Appeal I, such as quashal, because Appeal I is not before us.

the following order: "Upon consideration of [Appellants'] motion for supersedeas, which is styled as a motion for preliminary injunction . . . based on the averments in [Appellants'] motion, it is ordered that the motion is denied." On the same date, June 28, 2021, Appellant filed their second appeal to this Court in the Ejectment Action, an appeal from the order denying a stay ("Appeal II"). Appeal II is presently before us for disposition.

In Appeal II, Appellants argue that the trial court erred in denying their "motion for preliminary injunction," which, as noted above, was actually a motion for stay. We disagree. This Court already has denied a stay to Appellants in Appeal I. Appeal II, the second appeal in the same case, is simply an attempt to circumvent the order denying a stay that this Court entered in Appeal I. The law of the case doctrine precludes Appellants from relitigating an issue that this Court has already decided. **See Commonwealth v. Starr**, 664 A.2d 1326, 1331 (Pa. 1995) (under law of the case doctrine, "a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter"). Accordingly, we affirm the June 28, 2021 order denying Appellants' motion for "preliminary injunction."

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 6/16/2022*